IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRIUS L. WORTHEY,
    Petitioner,

vs.                                    Case No.:  4:18cv383/MW/EMT

MARK S. INCH,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 3).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 9).  The court provided Petitioner an opportunity to respond to the motion to dismiss (*see* ECF Nos. 10, 11, 12), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of the timeliness issue, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this

---

[1] Mark S. Inch succeeded Julie L. Jones as Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d).

matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 9).[2] Petitioner was charged in the Circuit Court for Leon County, Florida, Case No. 2011-CF-1885, with one count of armed robbery with a firearm (Count I) and one count of grand theft of a motor vehicle (Count II) (Ex. A). Petitioner entered a written plea agreement, pursuant to which he and the State agreed to the following: (1) he would plead no contest as charged, (2) the court would adjudicate him guilty, and (3) the court would sentence him to fifteen (15) years in prison, with jail credit of 716 days, to run concurrently with Petitioner's sentence in another case (Leon County Case No. 2011-CF-1464) (Ex. B).[3] On May 29, 2013, the trial court accepted Petitioner's plea and sentenced him in accordance with the plea agreement (Exs. C, E). On June 4, 2013, Petitioner filed

---

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (ECF No. 9). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

[3] Prior to Petitioner's sentencing in Case No. 2011-CF-1885, he was sentenced in Case No. 2011-CF-1464 to life in prison for murder, a 30-year sentence for attempted second degree murder, and a 25-year sentence for attempted robbery (*see* ECF No. 9 at 2 n.1).

Case No.: 4:18cv383/MW/EMT

a motion to withdraw his plea (Ex. D). The court denied the motion in an order rendered July 2, 2013 (Ex. E). Petitioner did not file a direct appeal (*see* Ex. F, docket report for Leon County Circuit Court Case No. 2011-CF-1885).

On April 14, 2015, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G at 4–10). In an order rendered April 28, 2015, the state circuit court struck the motion as facially insufficient and for failure to comply with the oath and certification requirements of Rule 3.850(c), (n) (*id.* at 17–18). The court provided Petitioner 60 days to file an amended, sufficient motion (*id.*). Petitioner filed a timely amended motion (*id.* at 19–27). The court appointed counsel for Petitioner and held an evidentiary hearing (*id.* at 43, 56–57, 63–158). The state circuit court denied the amended Rule 3.850 on February 10, 2017 (*id.* at 56–57). Petitioner appealed the decision to the First DCA, Case No. 1D17-655 (Ex. G at 58, Exs. H, I, J, K). The First DCA affirmed the decision per curiam without written opinion on March 6, 2018 (Ex. L). Worthey v. State, 242 So. 3d 341 (Fla. 1st DCA 2018) (Table). The mandate issued March 27, 2018 (Ex. L).

On May 23, 2018, Petitioner filed a notice of appeal in the state circuit court (*see* Ex. Ex. F, docket report, Action Date 05/23/2018, Doc. #214). Petitioner filed another notice of appeal on June 12, 2018 (*see* Ex. Ex. F, docket report, Action Date 06/12/2018, Doc. #215). The circuit court forwarded the documents to the First

DCA, and the First DCA assigned case numbers 1D18-2599 and 1D18-2600 (*see* Ex. Ex. F, docket report, Action Date 06/22/2018, Doc. #218; action date 06/22/2018, Doc. #221). The First DCA dismissed Case No. 1D18-2600 on July 24, 2018, and dismissed Case No. 1D18-2599 on July 27, 2018 (*see* Ex. Ex. F, docket report, Action Date 07/24/2018, Doc. #230; action date 07/27/2018, Doc. #231).

On August 8, 2018, Petitioner filed a Motion for Extension of Time in this federal court (ECF No. 1). Petitioner filed a § 2254 petition on August 13, 2018 (ECF No. 3 at 17).

II.   DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 9 at 5–6). Petitioner does not argue that a different statutory trigger applies; instead, he makes an argument for tolling (*see* ECF No. 3 at 13),[4] which will be discussed *infra*.

The judgment in Petitioner's case became final on August 1, 2013, thirty days after the circuit court denied Petitioner's motion to withdraw his plea. *See* Fla. R. App. P. 9.140(b)(3). The federal limitations period commenced the next day, on August 2, 2013. *See* Fed. R. Civ. P. 6(a) ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). The

---

[4] References to the parties' pleadings are to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Case No.: 4:18cv383/MW/EMT

limitations period ran untolled until it expired on August 2, 2014. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner's federal habeas petition, filed in August of 2018, is untimely.

Petitioner alleges his § 2254 petition is not time-barred for the following reason:

> I've had timely filed motions before the courts during the one-year statue [sic] of limitations. Therefore, I could not file my federal habeas corpus until the disposition of those motions were taken care of.

(ECF No. 3 at 13). However, the state court record demonstrates that Petitioner did <u>not</u> have any state post-conviction applications pending during the one-year federal limitations period (from August 2, 2013, to August 2, 2014); indeed, Petitioner's first state post-conviction application was filed on April 14, 2015, <u>after</u> the federal limitations period expired (on August 2, 2014). Neither that motion, nor any subsequently filed state post-conviction applications, tolled the federal limitations period. *See* <u>Tinker v. Moore</u>, 255 F.3d 1331, 1334–35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the federal one-year limitations period) (citing <u>Webster v. Moore</u>, 199

Case No.: 4:18cv383/MW/EMT

F.3d 1256, 1259 (11th Cir. 2000)). Therefore, Petitioner has not shown that his state post-conviction filings tolled the federal filing deadline.

### III. CONCLUSION

Petitioner's federal habeas petition was not filed within the one-year statutory limitations period. Petitioner has not shown he is entitled to tolling of the limitations period (statutory or equitable), nor has he shown he is entitled to federal review of his petition through any recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting

§ 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing Miller-El, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to substitute Mark S. Inch for Julie L. Jones as Respondent.

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 9) be **GRANTED**.

2. That the petition for writ of habeas corpus (ECF No. 3) be **DISMISSED** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of April 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**